MARY ALPERT and Another, Plaintiffs, *v.* G. R. E. CONSTRUCTION CORPORATION, Defendant.

*Supreme Court, Bronx County, March 24, 1926.*

Vendor and purchaser — contract reciting name of seller and purchaser, description of premises, terms and signature of seller, constitutes enforcible contract of sale under Real Property Law, § 259, although not signed by purchaser.

A contract for the sale of real property, which sets forth the names of the seller and purchaser, a description of the property, the terms of payment, and the signature of the seller, sufficiently recites the essential terms of an enforcible contract, within the meaning of section 259 of the Real Property Law, although not signed by the purchaser.

MOTION for judgment on the pleadings.

*Gold & Maran,* for the motion.

*Anderson, Phillips & Moss,* opposed.

GIBBS, J. Action to compel specific performance of a contract to sell real property. The agreement pleaded in the complaint sets forth the names of the seller and purchaser; a description of the property, and the terms of payment of the purchase price. It is signed by the seller, the defendant in this action. The complaint further alleges due performance of the covenants in the agreement on the part of the plaintiffs, and a demand for execution and delivery of a deed to the property by the defendants in accordance with the terms of the contract. Defendant contends that the complaint fails to state a cause of action. It is urged that the alleged contract is not binding because it was not signed by the purchaser, and that the agreement does not set forth all the essential allegations of a contract. In other words, they assert that there is no mutuality and that the agreement is unilateral.

There can be no question that where a contract for a sale of

land is lacking in mutual obligations it cannot be specifically enforced. That is not the situation here as disclosed by the papers. Section 259 of the Real Property Law provides that a contract for the sale of an interest in real property is void unless the contract or " some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the · * * * or *grantor,* or by his lawfully authorized agent." An examination of the agreement discloses that it was signed by the grantor, the party to be charged, and that the statute has been fully complied with. The agreement in my opinion sufficiently sets forth the necessary terms of a contract for the sale of real property. Motion for judgment on the pleadings is denied. Submit order.